Charles Alden DORSEY, d/b/a Dorsey Insurance Agency, Appellant,

v.

STATE FARM INSURANCE COMPANY, Appellees.

No. 18799.

United States Court of Appeals Fifth Circuit.

Oct. 6, 1961.

named as appellees, for damages growing out of, or related to, the termination of his written contract under which he represented the Companies as local agent. The controlling terms of the contract exhibited with the complaint are the same as those involved in the Case action and reference is made to our decision in that case for those terms. As there, the parties agree here that the relationship created by the contract was that of independent contractor. The same right of termination was given in the contract before us as that quoted in Case's decision, supra.[2]

Appellant does not contend that appellees did not have the right to terminate the contract as they did. He argues instead that the provision in the contract giving the appellees the right to cancel without cause is null and void; that the contract was breached to his damage prior to the time of its termination; and that the complaint stated a claim for libel, slander and maliciousness against the appellees which the court below did not decide correctly or did not decide at all.

Appellant attacks as void the provision of the contract granting the right of termination without cause, contending that this portion of the contract "contained a potestative condition, which potestative condition is unenforceable in Louisiana. See Article 2024, 2034, and 2035, [LSA–] Louisiana Civil Code."[3]

In deciding this contention against the appellant, the court below relied upon the case of Martin-Parry Corp. v. New Or-

Paul J. Thriffiley, Jr., New Orleans, La., for appellant.

George Mathews, Baton Rouge, La., for appellees.

Before TUTTLE, Chief Judge, and CAMERON and JONES, Circuit Judges.

CAMERON, Circuit Judge.

Appellant Dorsey filed this action[1] against the three insurance companies

---

1. As in Case v. State Farm Mutual Automobile Insurance Company et al., 5 Cir., 294 F.2d 676. The two cases have much in common and reference is made to the Case decision wherever the points involved and language used there are relevant here.

2. "This agreement may be terminated as to any or all Companies, with or without cause, by either party or parties giving written notice to the other and shall be deemed terminated as of the date specified in such notice."

3. "Art. 2024. Potestative condition, definition

"The potestative condition is that which makes the execution of the agreement depend on an event which it is in the power of the one or the other of the contracting parties to bring about or to hinder."

"Art. 2034. Nullity of obligation based on potestative condition

"Every obligation is null, that has been contracted, on a potestative condition, on the part of him who binds himself."

"Art. 2035. Conditions depending upon will of obligor

leans Fire Detection Service et al., 1952, 221 La. 677, 60 So.2d 83. In that case, Martin Parry, the employer, sued Joseph T. Draper, a former employee, and the Service, a business organized by him, for damages growing out of the employee's action in persuading the employer's dealers and other employees to discontinue their relations with Martin-Parry and to become employees and dealers of Service after Draper had, as permitted by a written contract between him and Martin-Parry, terminated his employment. That suit was based upon the alleged violation of Draper's contract with Martin-Parry wherein he had agreed that he would not, during a certain period, "disturb, hire, entice away, or in any other manner persuade any employee or dealer of the Company to discontinue his relation to the Company as an employee or dealer * * * "

The trial court dismissed the suit brought by Martin-Parry on the ground that the quoted words constituted a "potestave condition and that, therefore, there is no mutuality of obligations." The Supreme Court reversed, holding

"The last preceding article is limited to potestative conditions, which make the obligation depend solely on the exercise of the obligor's will; but if the condition be, that the obligor shall do or not do a certain act, although the doing or not doing of the act depends on the will of the obligor, yet the obligation depending on such condition, is not void."

4. Before the crucial holding quoted in the text, the Court had said (60 So.2d at pages 84–85):

"Article 1901 of the LSA–C.C. declares that agreements legally made have the effect of laws on those who have formed them and that they must be performed in good faith. This principle is repeated in Article 1945, * * * which states that the courts are bound to give legal effect to contracts according to the true intent of the parties when the words used are explicit and lead to no absur[d] consequences.

"Accordingly, as long as the object of the contract is lawful, it is the duty of the court to enforce it as written. * * *

"A potestative condition is stated by Article 2024 * * * to be one '* * * *

that the agreement was a valid, bilateral contract, which was enforceable against Draper, the employee, and his business organization,[4] concluding its holding with these words (60 So.2d 86):

"The other ground that the condition was potestative was likewise on unsound footing. The thought of the court was that, since the plaintiff employer could terminate the employment within 30 days, it was within his power to hinder performance of the obligation. But the flaw in this view *is that the right of termination was mutual, being accorded to both parties; a potestative condition exists only when there is an exclusive right in one party. * * * "* [Italics added.]

Appellant conceives that the foregoing case is inapplicable here on the ground that the case before us arises out of a relationship under which the parties were independent contractors, while Martin-Parry arose out of an employer-employee relationship. We do not think the distinction is valid,[5] and we agree with the court below that the principles of Martin-

which makes the execution of the agreement depend on an event which it is in the power of the one or the other of the contracting parties to bring about or to hinder.' Hence, the nature of the condition is such that it depends upon the occurrence of an event, uncertain in that only one party to the contract is given the right, through whim or caprice, to either bring about the event or hinder it; * * *

"Surely, the absolute promise of defendant to desist from interference with plaintiff's employees and dealers after the termination of his employment bears little resemblance to a potestative condition, as defined by Article 2024 * * * *."

5. Nor do we agree with appellant that the two cases chiefly relied upon by him, Nabors Oil Corp., Inc. et al v. Samuels, 1930, 170 La. 57, 127 So. 363, and Guice & Co. v. Perkowski, La.App.1943, 12 So. 2d 692, militate against the holding of the court below. In each of those cases it was held that the contract was not voided by potestative conditions.

Parry apply here, that the termination clause of the contract is not *nudum pactum,* and that the right of termination is mutual and that the contract is legal and binding.

Appellant quotes nothing from the complaint and makes no record reference in support of his contention that the complaint alleges that the written contract was breached by the appellees prior to its termination; and we find none. The same may be said with respect to the allegations concerning mistreatment by the appellees after the contract was terminated.[6] No reference is made in either of appellant's briefs to any facts stated in the complaint from which it may reasonably be inferred that appellees have committed any libel or slander or other actionable tort against appellant. The complaint contains no allegations of fact showing that false or slanderous statements concerning appellant were published by appellees. Under the most benevolent interpretation of the Federal Rules of Civil Procedure, a plaintiff is required to set forth in his complaint a "claim," a legal right which belonged to appellant and which the appellees have breached and the damages resulting therefrom. We have no such allegations here.

What we have said in Case supra concerning the right of a plaintiff to amend is applicable here. Appellant had ample opportunity to amend his complaint to set up the claims, now urged, for damages independent to those arising from the termination of the contract, and he has failed to take advantage of this right.

We think the court below correctly dismissed the complaint for failure to state a claim upon which relief could be granted and its action is

Affirmed.

---

6. This contention is stated in appellant's brief as follows:

"Plaintiff-appellant further states that he was damaged because of the malicious acts of the defendant-appellee, acting through its employees and agents in requiring plaintiff-appellant's policyholders to report to a competitor and also the fact that the same agents and employees of the defendant-appellee were undermining and discrediting plaintiff-appellant."