Jewel G. BEREND, Plaintiff-Appellant,

v.

J. F. PRITCHARD & COMPANY et al., Defendants-Appellees.

No. 28651

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 9, 1970.

Jewel G. Berend, pro se.

Beale Dean, Brown, Herman, Scott, Young & Dean, J. Shelby Sharpe, Crumley Murphy & Shrull, William M. Murphy, Fort Worth, Tex., Dietrich, Tyler, Davis, Burrel & Dicus, Kansas City, Mo., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

The nature of this cause is somewhat obscure, but it appears to be one in tort for conversion of property or

possibly breach of contract. The complaint here contains no allegation of fact showing any legal right which belonged to complainant and which the appellees breached, with damages resulting therefrom. Under the most liberal interpretation of the Federal Rules of Civil Procedure, the appellant failed to allege a cause of action against appellees. Dorsey v. State Farm Insurance Co., 5 Cir., 1961, 294 F.2d 678.

■ However, assuming a cause of action once existed and was alleged, the complainant waited fifteen years—from 1954 to 1969—to bring his action, and Texas Statutes of Limitations, Article 5526 and Article 5527,[1] Vernon's Annotated Texas Civil Statutes, would prevent recovery.

The District Court did not err in dismissing the actions.

Judgment affirmed.

---

1. Article 5526, Vernon's Texas Civil Statutes:

There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

1. Actions of trespass for injury done to the estate or the property of another.

2. Actions for detaining the personal property of another, and for converting such property to one's own use.

3. Actions for taking or carrying away the goods and chattels of another.

4. Actions for debt where the indebtedness is not evidenced by a contract in writing.

5. Actions upon stated or open accounts, other than such mutual and current actions as concern the trade of merchandise between merchant and merchant, their factors or agents. In all accounts, except those between merchant and merchant, as aforesaid, their factors and agents, the respective times or dates of the delivery of the several articles charged shall be particularly specified, and limitation shall run against each item from the date of such delivery, unless otherwise specially contracted. Acts 1841, p. 163; G.L. vol. 2, p. 627.

6. Action for injury done to the person of another.

7. Action for injury done to the person of another where death ensued from such injury and the cause of action shall be considered as having accrued at the death of the party injured. Acts 1897, p. 12; Acts 1841, p. 163; Acts 1852, p. 128; P.D. 4604; G.L. vol. 10, p. 1066; G.L. vol. 2, p. 627; G.L. vol. 3, p. 1006.

8. Actions of forcible entry and forcible detainer.

Article 5527, Vernon's Texas Civil Statutes:

There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

1. Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing.

2. Actions for the penalty or for damages on the penal clause of a bond to convey real estate.

3. Actions by one partner against his co-partner for a settlement of the partnership accounts, or upon mutual and current accounts concerning the trade of merchandise between merchant and merchant, their factors or agents; and the cause of action shall be considered as having accrued on a cessation of the dealing in which they were interested together. Acts 1841, p. 163; P.D. 4604; G.L. vol. 2, p. 627.