WILLIAM L. DONNELLY *vs.* SUFFOLK UNIVERSITY. November 28, 1975. The plaintiff appeals from the dismissal under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974), of his complaint, which, taken in a light most favorable to the plaintiff, may be interpreted to allege that the defendant gives positive weight in its law school admissions policies to applicants who receive favorable recommendations from the defendant's "alumni, students and friends" and that such a policy is either an "unfair" practice (within the meaning of G. L. c. 93A, § 2) or "deceptive" in the light of the following passage contained in a publication of the defendant which is available to applicants: "The admissions committee does not use a minimum cut-off system in evaluating an applicant's grade-point average or LSAT score. Rather, the committee chooses to evaluate each applicant's potential . . . by studying all relevant evidence brought to the committee's attention. This includes but is not limited to evaluation of the following: improvement in college grades, . . . employment experience, demonstrated leadership ability, motivation for the study of law and letters of recommendation." As such a policy, if proved, would not constitute an unfair or deceptive practice, the complaint cannot be said to "state a claim upon which relief can be granted," and the motion to dismiss was properly sustained on the basis of the second ground therein stated. See *Slaney* v. *Westwood Auto, Inc.* 366 Mass. 688, 701-705 (1975). Under Mass.R.Civ.P. 8(a), 365 Mass. 749 (1974), a complaint must show not merely a grievance but a violation of a legal right which belongs to the plaintiff, and which the defendant has breached. *Patten* v. *Dennis,* 134 F. 2d 137 (9th Cir. 1943). *Gold Seal Co.* v. *Weeks,* 209 F. 2d 802, 807-808 (D.C. Cir. 1954). *Dorsey* v. *State Farm Ins. Co.* 294 F. 2d 678 (5th Cir. 1961). *Berend* v. *J. F. Pritchard & Co.* 422 F. 2d 1247 (5th Cir. 1970), cert. den. 400 U. S. 823 (1970).

*Judgment affirmed.*

*William L. Donnelly,* pro se.
*Christian M. Hoffman* (*Arthur G. Telegen* with him) for the defendant.