CECELIA M. MASON *vs.* COUNTY OF WORCESTER & others. February 25, 1981. Without the assistance of counsel, the plaintiff filed a complaint in the Superior Court in Suffolk County against Worcester County, Thomas J. Noonan, clerk of the Central District Court of Worcester, and Allen

Rubin, an attorney in Worcester County. The matrix from which the factual allegations of the complaint developed appears to be the plaintiff's fall or collapse in the corridor of the building which houses the Superior Court in Worcester County. Noonan is charged with "maltreatment, denial of justice and protection under the law, malice, malpractice, slander and discrimination." The gist of the plaintiff's grievance against Rubin is his failure to represent her after receiving a retainer. The complaint was successfully attacked by all defendants on the ground of improper venue, Mass.R.Civ.P. 12(b)(3), 365 Mass. 755 (1974), and by the county and Noonan for its failure to state a claim upon which relief might be granted. Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974). The plaintiff's motion for "change of venue to be removed without prejudice" to Worcester County was denied in Superior Court in Suffolk County. A judgment on Rubin's motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(3), 365 Mass. 755 (1974), was entered on May 16, 1978, in Suffolk County. A motion for rehearing as well as a motion for relief from judgment in favor of Rubin were denied. No appeal has been taken from this judgment. Accordingly, the appeal brings nothing to us concerning Rubin.

By a route which on the record before us remains shrouded in mist and mystery, the actions against the county and Noonan were "transferred" to Worcester County, where they were dismissed on May 2, 1980. The plaintiff has appealed from the judgments of dismissal. Though we indulge the plaintiff's complaint to the limit permitted under the liberal policy of the Massachusetts Rules of Civil Procedure (see *Charbonnier* v. *Amico*, 367 Mass. 146, 152-153 [1975]), we are unable to detect the factual foundation for the action against the county and Noonan. In short, the complaint fails to show a "violation of a legal right which belongs to the plaintiff, and which the defendant[s]" have violated. *Donnelly* v. *Suffolk Univ.*, 3 Mass. App. Ct. 788 (1975), cert. denied, 425 U.S. 955 (1976).

*Judgments affirmed.*

*Cecelia M. Mason*, pro se.
*Harry Zarrow* for the County of Worcester & another.
*Paul R. Schneider* for Allen Rubin.