KARL P. ESSIGMANN *vs.* WESTERN NEW ENGLAND COLLEGE. April 27, 1981. The defendant refused to confer a juris doctor degree upon the plaintiff because his cumulative grade average was below the minimum level required for the bestowal of that degree. The plaintiff's cumulative grade point average had been consistently computed in compliance with the defendant's policy of including failing course grades, even if the student elected to repeat the course and obtained a passing grade on the second attempt, as happened twice in the case of the plaintiff. He also received a failing grade in a third course, a summer elective, which the defendant factored into the plaintiff's cumulative average. That elective was dropped from the defendant's offering of courses, and the plaintiff, therefore, was unable to mitigate the effect of that failure by repeating the course and earning a passing grade. The plaintiff brought an action in the Superior Court seeking a determination that he was entitled to a juris doctor degree and treble money damages under G. L. c. 93A, § 9. He alleged that his cumulative average would have been acceptable but for the defendant's policy of including all failing grades in computing a student's cumulative average. On appeal he maintains that, as applied to him, the defendant's grading policy was arbitrary, deceptive, and in violation of his rights under the implied terms of his contract with the defendant and under the Federal due process clause. We affirm the judgment entered in the defendant's favor.

1. We need not consider the parties' arguments concerning the applicability of G. L. c. 93A to this action, because, even assuming that statute to be an available remedy, the defendant's actions were not unfair or deceptive. See *Donnelly* v. *Suffolk Univ.*, 3 Mass. App. Ct. 788 (1975), cert. denied, 425 U.S. 955 (1976). In reaching this conclusion, we have considered the particular facts and circumstances of this case. *Commonwealth* v. *DeCotis*, 366 Mass. 234, 242 (1974). *Heller* v. *Silverbranch Constr. Corp.*, 376 Mass. 621, 626 (1978). *Noyes* v. *Quincy Mut. Fire Ins. Co.*, 7 Mass. App. Ct. 723, 726 (1979). (a) Although the plaintiff claims that he relied upon the school catalogue which did not spell out the defendant's grading policy and that he was unaware of this policy, he received semester grade reports which recited his cumulative grade

average and his academic probationary status. (b) The defendant expressly stated in the school catalogue that it reserved the right "to withdraw, modify, or add to the courses offered." (c) During all pertinent times, the plaintiff could ascertain from his semester grade reports by simple arithmetic that in order to earn his juris doctor degree he would have to compensate for his failures by excelling in other courses. (d) There is nothing in the defendant's method of computation which would cause us to find the grading policy to be inherently unfair. Compare *Commonwealth* v. *DeCotis, supra,* 366 Mass. at 241. As a matter of common sense, a student who passes a course only after failing and repeating it is not academically equal to the student who takes the course but once and passes. Thus, it is neither arbitrary nor unfair to adopt a grading system which reflects this difference.

2. Even assuming that there was a contractual relationship between the parties, see *Peretti* v. *Montana,* 464 F.Supp. 784, 786-787 (D. Mont. 1979); Note, The Student-School Legal Relationship: Toward A Unitary Theory, 5 Suffolk U.L.Rev. 468, 474-479 (1971), the plaintiff cannot prevail on his claim that the defendant violated the implied terms of the contract. The grading policy, if not expressly described in the school catalogue, was effectively conveyed to the plaintiff on his semester grade reports. Moreover, the school catalogue set out the defendant's reservation of the right to withdraw course offerings. See *Mahavongsanan* v. *Hall,* 529 F.2d 448, 450 (5th Cir. 1976). Compare *Peretti* v. *Montana, supra,* 464 F. Supp. at 787.

3. It is unnecessary to determine whether the plaintiff was deprived of a property interest in his anticipated juris doctor degree by State action, see *Berrios* v. *Inter Am. Univ.,* 535 F.2d 1330 (1st Cir. 1976); *Ventetuolo* v. *Burke,* 596 F.2d 476, 480 (1st Cir. 1979); *Ross* v. *Pennsylvania State Univ.,* 445 F.Supp. 147, 152-154 (M.D. Pa. 1978), because even if we assume he was, we would conclude that on the basis of his semester grade reports and the catalogue his due process rights were not violated. See *Curators of the Univ. of Mo.* v. *Horowitz,* 435 U.S. 78, 84-86 (1978).

*Judgment affirmed.*

*Robert L. Surprenant* for the plaintiff.
*Paul H. Rothschild (Michael S. Ratner* with him) for the defendant.