**General Motors,** 1979 Mass. Adv. Sh. 940, 944. The key element of causation cannot be left to a jury's speculation, **LaClair v. Silberline Mfg. Co.,** 1979 Mass. Adv. Sh. 2228, and I rule that the defendant is therefore entitled to judgment as a matter of law.

Nor is there any reason to think that further discovery or a trial could clarify the causation issue, given that some material facts are undisputed and the balance are forever unascertainable. The plaintiff's experts offer mere speculation or guesses from subordinate facts, **Carey, supra** at 945, and a "verdict may not be based on conjecture and surmise, ... expert opinion does not help if it is demonstrated that it rests on speculation." **Swartz v. General Motors Corp.,** 375 Mass. 628, 633 (1978).

The record conclusively demonstrates that the plaintiff cannot sustain a burden of showing that a defect attributable to GM's negligence caused the regrettable Bellingham accident.

Order accordingly.

**Andrew A. Chaffey, Ch. J.**

**Malcolm S. INGISON, Plaintiff**
v.
**BOY SCOUTS OF AMERICA and PIONEER VALLEY COUNCIL, INC.**
**Defendants**

**No. 80-0320-F**

United States District Court
Commonwealth of Massachusetts

**October 15, 1981**

Francis D. Dibble, Jr., Esq., counsel for plaintiff
Burton S. Resnic, counsel for defendant
Gary W. Klotz, counsel for defendant

## ORDER

**FREEDMAN, D.J.**

This case came before me on the objections of the defendants Boy Scouts of America and Pioneer Valley Council, Inc. to the Report and Recommendation on defendants' motion to dismiss entered by the Magistrate on June 2, 1981. Having considered **de novo** those portions of the Magistrate's Report and Recommendation to which objection has been made in light of the applicable authorities, and for the reasons set forth in the Memorandum of even date, I have determined that the objections of the defendants must be, and hereby are overruled, and that the Report and Recommendation of the Magistrate should be, and hereby is, adopted in whole.

The motion to dismiss by defendants should be, and hereby is, DENIED.

It is so ORDERED.

**Frank H. Freedman**
**United States District Judge**

## MEMORANDUM

**FREEDMAN, D.J.**

This case is before me on the objections of defendants Boy Scouts of America and Pioneer Valley Council, Inc. to the Memorandum and Recommendation of a magistrate that the defendants' motion to dismiss be denied. 28 U.S.C. § 636(B) requires that I "make a **de novo** determination of those portions of the report ... to which objection is made," and allows me to "accept, reject, or modify in whole or in part the findings and recommendations made by the magistrate." **Id.**

No objection has been raised to the findings of fact made by the Magistrate and I incorporate them verbatim in this Memorandum:

1. The Boy Scouts of America is a corporation chartered under the provisions of 36 U.S.C. § 21 **et seq.** Its general activities are well known. It is a non-profit organization which charters local councils such as the defendant, Pioneer Valley Council, Inc. Local councils are separately incorporated following approval by the Boy Scouts of America of corporate articles and by-laws. Any amendments are also subject to review and approval.

2. The defendant, Boy Scouts of America, has the power to establish rules and regulations governing the employment, training, promotion, tenure, demotion, retirement or discharge of all its professional and other employees, and of all professional employees of the local councils. Thus, a local council like the defendant, Pioneer Valley Council, Inc. may employ in professional positions only individuals who have been recommended by and commissioned as professional scouters by the Boy Scouts of America. The plaintiff was so commissioned, and prior to his employment by the defendant, Pioneer Valley Council, Inc., had been employed for over 23 years by various incorporated local Boy

Scout councils. He was employed, being a commissioned professional scouter, as program director for the Pioneer Valley Council, Inc. in 1976.

3. Employment as a professional scouter is strictly controlled by the Boy Scouts of America. When a council has an existing vacancy, it is required to notify the Boy Scouts of America. The name or names of commissioned professional scouters are selected by the Boy Scouts of America and sent to the council. There is no requirement to send more than one name. The council must make its selection from the name or names received from the Boy Scouts of America. No applications for employment are made by professional scouters directly to any council. Commissioned professional scouters are not made aware by councils of the existence of any vacancies. The council is the employer, and may terminate employment.

4. This procedure was followed with reference to the employment of the plaintiff. He worked for two years in his position and then his employment was terminated for failure to follow work directives. The plaintiff alleges the termination was without warning, without justification, and in bad faith. He has not since been employed as a commissioned professional scouter. He sought employment by requesting that his records be circulated and submitted to councils where there were vacancies. He alleges that contrary to representations, they were not circulated. Professional positions, such as that held by the plaintiff, can only be filled by commissioned professional scouters whose records are submitted to local councils by the Boy Scouts of America.

Magistrate's Memorandum and Recommendation, at 3-4 (June 2, 1981).

The plaintiff filed a complaint seeking relief on seven counts:

Count I alleges that defendant and other unnamed co-conspirators have been engaged in a continuing combination and conspiracy unreasonably to restrain the trade and commerce in the employment and placement of commissioned professional personnel within the numerous separate Boy Scout councils and to restrain competition for similar positions with other organizations in violation of Sections 1 and 3 of the Sherman Act, 15 U.S.C. §§ 1 and 3.

Count II alleges that the intended and actual effects of defendants' conduct have been to monopolize, or to attempt to monopolize, the employment market for professional positions within the Boy Scouts of America organization and the employment market for similar positions in various other types of organizations, or one or more submarkets thereof, in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

Counts III, IV and V allege that this same conduct by defendants, to the extent it affects employment markets and organizations which conduct their activities primarily within the Commonwealth of Massachusetts, also violates the applicable portions of the Massachusetts Antitrust Act and the Massachusetts "Little FTC Act," Mass. Gen. Laws Ann. c. 93, §§ 4 and 5, and c. 93A, § 2, respectively.

Count VI alleges that Pioneer Valley Council, Inc. breached an employment contract with the plaintiff.

Count VII alleges that the Boy Scouts of America tortiously interfered with the plaintiff's advantageous employment relations with various local Boy Scout councils.

The Magistrate denied the defendants' motion to dismiss, rejecting the defendants' argument that as a matter of law the defendants are incapable of violating the Massachusetts and federal antitrust laws. The Magistrate determined, in light of the applicable authority, that employment practices can be found to violate the antitrust laws if they are part of a conspiracy in restraint of trade, and the

status of a non-profit organization alone does not create an exemption from the antitrust laws.

The defendants' objections to the Magistrate's recommendation are as follows:

1. The Magistrate failed to address the threshold areas of law and based his recommendation upon his conclusion that factual issues require denial of the motion.

2. Count V fails as a matter of law since the Massachusetts Consumer Protection Act c. 93A, § 2 does not apply to employment practices.

3. The antitrust laws do not apply to the employment practices in question.

4. The antitrust laws do not apply unless economic competitors are involved and here the plurality of economic competitors is not present.

The defendants do not object to the Magistrate's recommendation as to Counts VI and VII of the plaintiff's complaint.

The first objection of the defendants, noting that the Magistrate did not address the threshold questions of law is a fundamental objection, and one with which I disagree. It is certainly true as the defendants point out that it is a question of law and not of fact that the complaint fails to state a claim upon which relief can be granted, F.R. Civ. P. 12(b)(6). I conclude, however, after a careful reading of all authorities cited by the parties and the Magistrate, that the Magistrate properly considered the allegations as true with all reasonable inferences favorable to the plaintiff and properly considered the questions of law in his determination.

The defendants' next objection is that the Massachusetts Consumer Protection Act, Mass. Gen. Laws Ann. c. 93A, § 2, does not apply to employment practices. Defendants argue that similar statutes in other jurisdictions with virtually identical language have been held as a matter of law not to apply to employment practices, and urge the Court to adopt this interpretation in this case as it is a case of first impression in Massachusetts. I am not persuaded that the Massachusetts Consumer Protection Act does not apply to employment practices, nor that if the Massachusetts Supreme Judicial Court were to rule as to whether c. 93A applies to employment practices that it would find it not applicable. The one Massachusetts case cited by the defendants, **Donnelly v. Suffolk,** 3 Mass. App. 788, 337 N.E. 2d 920 (App. Ct. Mass. 1975), **cert. denied,** 425 U.S. 955 (1976), deals with the admission policies of a single law school, and does not reflect upon the situation before us where the allegations are of unfair methods of competition by multiple employers who compete in the same job market for employees.

The final objections of the defendants are virtually the same as the arguments put forth in their brief: the antitrust laws do not apply to employment practices and even if they did, they are not applicable to this case because the defendants are a non-profit organization and not economic competitors.

Normally, the basic employer-employee relationship does not raise antitrust issues. The inquiry therefore on a motion to dismiss must be whether employment practices as a matter of law can be found to violate the antitrust laws. I find that the Magistrate adequately made this inquiry and am persuaded by the authorities cited by the Magistrate and the plaintiff which concluded that employment practices constituting a conspiracy in restraint of trade can violate the antitrust laws. See, **Hennessey v. National Collegiate Athletic Association,** 564 F.2d 1136 (1977); **Andersen v. Shipowners Association,** 272 U.S. 359 (1926). Plaintiff does allege in his complaint a conspiracy in restraint of trade and facts sufficient to support that allegation.

The case cited by the plaintiff, defendants, and the Magistrate is **Nichols v. Spencer,** 371 F.2d 332 (7th Cir. 1967). I understand the reasoning in **Nichols** to be that although the antitrust laws were not enacted for the purpose of preserving freedom in the labor market nor of regulating employment-practices, they can in certain circumstances violate the antitrust laws. The Court in **Nichols** concluded that one who has been damaged by loss of employment as a result of a violation of the antitrust laws is entitled to recover under 15 U.S.C. § 15, **id.** at 334. The defendants state in their objection that **Nichols** is not to be applied to the circumstances alleged in Counts I through IV without an allegation that the defendants are as a matter of fact economic competitors. The defendants base their final argument on the reasoning that as non-profit organizations they cannot be considered economic competitors.

The defendants cannot rely on their status as a non-profit organization to exempt them from the antitrust laws. Recent cases, although not yet developing a systematic approach for applying antitrust concepts to organizations without profit objectives, have held that a blanket exemption from the antitrust laws is not available to non-profit organizations. **Goldfarb v. Virginia State Bar,** 421 U.S. 773 (1975), **reh. den.,** 423 U.S. 886; **National Society of Professional Engineers v. United States,** 435 U.S. 679 (1978). Although case law is not abundant on this issue, I am persuaded that the Magistrate was correct in his conclusion that non-profit organizations are not exempt from the antitrust laws. Therefore, given that the Boy Scout councils can be seen as competitors for services of commissioned professional scouters, I will not grant a motion to dismiss based on the absence of economic competitor status.

## Conclusion

Having made a **de novo** determination of those parts of the Magistrate's report to which objection has been made, I conclude that defendants Boy Scouts of America and Pioneer Valley Council, Inc.'s motion to dismiss must be denied. Thus, I will accept in whole the Memorandum and Recommendation of the Magistrate and overrule defendants' objections.

An appropriate order shall issue.

**Frank H. Freedman**
**United States District Judge**