Sherman, P J.
The plaintiff in this action seeks to recover the sum of $70,000.00 for breach of contract, andmultiple damages, attomey'sfees and costsforunfair and deceptive trade practices pursuant to G.L. c. 93A, §11. The defendant counterclaimed, and the court made a finding thereon for the plaintiff/defendant-in-counterclaim.
The report[1] indicates that the defendant entered into an agreement for the purchase of the assets of the plaintiffs restaurant for the sum of $80,000.00. A $10,000.00 payment was made as a deposit at the time of the execution of the agreement. Of the remaining $70,000.00 purchase price, $30,000.00 was to be paid at the time of the closing of the transaction in the form of either a cashier's (bank) or certified check, and the balance was to be paid by two promissory notes in the amounts of $30,000.00 and $10,000.00 respectively, with interest payable over a three year period.
At the time of closing, December 14,1987, the defendant-buyer without objection of the plaintiff-seller, delivered a personal check to the plaintiff in the amount of $30,000.00. The closing took place after the close of the regular banking and business hours of the plaintiff and the buyer's bank.
The following morning, on December 15,1987, the defendant had an attack of “buyer's remorse” brought on at least in part as a result of his fear that key employees of the plaintiffs restaurant would not remain in his employ. As soon as the banks opened, the defendant stopped payment on the $30,000.00 personal check he had given to the plaintiff.
Subsequent to this “phantom” closing, the defendant at all times had control of the business which he had purported to purchase. Only after realizing that he was obligated under a newly executed lease of the premises at which the business was conducted, did he then, on December 19,1987, commence to operate the business and place in the hands of his attorney $30,000.00 as an escrow account. Said sum purported to represent the amount of the check with respect to which payment had been stopped.
From December, 1987 until late April 1988, the defendant, through his attorney, attempted to negotiate a settlement with the plaintiff involving payment of the $30,000.00 and the pre-payment of the promissory notes hereinabove referred to, together with interest in full, less a small reduction for an adjustment in credit card payments which he claimed to be due to him. In September, 1988, subsequentto the institution of this litigation, the defendant offered to pay the total balance claimed, plaintiffs counsel fees, an amount equal to the security deposit paid by the plaintiff *38 with respect to its original lease of the premises, and $2,500.00 as “additional damages”.
The trial court entered its judgment for the plaintiff in the amount of $70,000.00 with interest.[2] The finding of $70,000.00 for the plaintiff was comprised of the $30,000.00 due on the defendant's check, payment of which had been stopped, plus $40,000.00 which represented the total of the two promissory notes, payment of which had been accelerated by the defendant's breach.
The plaintiff now claims to be aggrieved by the trial court's denial of three of its requests for rulings, and by the court's refusal to rule on five other requests.
The court's disposition of the plaintiffsrequestsforrulings was predicated on its. finding of fact that the actions of the defendant-buyer did not constitute unfair and deceptive acts in violation of G.L. c. 93A Thus the sole issue raised by the plaintiff s appeal, as both parties stipulated in oral argument before this Division, is the propriety of the court's G.L. c. 93A finding. Whether conduct falls within the scope of G.L. c. 93A ordinarily depends on the circumstances of each case, Spence v. Boston Edison Co., 390 Mass. 604, 615 (1983); Commonwealth v. DeCotis, 366 Mass. 234, 242 (1974), and this issue is customarily one of fact for the trial court.
Appellate review of a trial court's subsidiary findings is circumscribed by the general rule that findings of fact shall not be set aside unless clearly erroneous, and that due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. Dist./Mun. Cts. R. Civ. P., Rule 52 (a). A finding is clearly erroneous if, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. Freyermuth v. Lufty, 376 Mass. 612, 615 (1978); New England Canteen Service, Inc. v. Ashley, 372 Mass. 671, 675 (1977); Capital Bank & Trust Co. v. Richman, 19 Mass. App. Ct. 515, 519 (1985); Sentry Insurance v. Firnstein, 14 Mass. App. Ct. 706, 708 (1982). A factual finding is “clearly erroneous” when it is against the clear weight of the evidence. Restated, atrial court's findings of fact may not be disturbed on appeal unless they are “plainly wrong.” Larabee v. Potvin Lumber Co., 390 Mass. 636, 643 (1983).
We recognize that where the facts are substantially undisputed, an appellate court is entitled to “draw its own inferences of law therefrom.” Arlington Trust Co. v. Pappalardo, 383 Mass. 870, 871 (1981). After hearing the parties, reviewing the briefs and scrupulously examining the judge's report, we conclude thatthe material, facts necessary to render a decision as to the applicability of G.L.c. 93A were virtually undisputed in this case. The plaintiffs charge of error in the trial court's G.L. c. 93A finding is, therefore, the equivalent of a request to this Division to rule that the undisputed facts of the defendant's conduct constituted a violation of G.L.c. 93A as a matter of law. We decline to so rule.
General Laws c. 93A “creates broad new rights, forbidding conduct not previously unlawful under the common law of contract and tort or under any prior statute.” Dodd v. Commercial Union Insurance Co., 373 Mass. 72, 78 (1977). In determining whether or not a violation of 93A has occurred, one of the major considerations of “unfairness” is whether the acts alleged to have taken place were immoral, unethical, oppressive or unscrupulous. P.M.P. Associates Inc. v. Globe Newspaper Co., 366 Mass. 593 (1975). A dose inspection of the cases decided under c. 93A reveals that the aforementioned test may result in liability in a consumer action brought under § 9 of the statute, whereas in business-to-business disputes under § 11, the same test has resulted in a denial of liability. Glickman v. Brown, 21 Mass. App. Ct. 229, 234 (1985), review denied, 396 Mass. 1106 (1986); Piccuirro v. Giatenby, 20 Mass. App. Ct. 286, 290-91 (1985); Langton v. Labrecque, 25 Mass. App. Ct., 463, 464 (1988); Levings v. Forbes & Wallace, Inc., 8 Mass. App. Ct. 498, 504 *39 (1979). “Every deal that goes sour does not give rise to a 93A claim”.[3] Pappas Industrial Parks Inc. v. Psarros, 24 Mass. App. Ct. 596, 600 (1987), review denied 400 Mass. 1107 (1987).
In this case, the judge explicitly found that the defendant's conduct did not attain a “level of rascality that would raise a eyebrow of someone inured to the rough and tumble world of commerce.” Levings v. Forbes & Wallace Inc., 8 Mass. App. Ct. 498, 504 (1979). The judge found that the defendant merely got “cold feet” and that although his conduct might have been inappropriate, it was not an unfair or deceptive practice. The judge carefully justified his rulings by citation of authority relevant to the proposition that conduct which is “inappropriate” is not automatically “unfair and deceptive” under G.L. c. 93A, § 11. See, e.g., American Mechanical Corp. v. Union Machine Co. of Lynn, Inc., 21 Mass. App. Ct. 97, 104 (1985), cited by the trial judge, wherein the defendant, for several weeks, did not inform the plaintiff that the defendant had stopped payment on a check, during which period the defendant had acted as if the sale between the parties was to have been consummated and went so far as to accept customer referrals from the plaintiff.
In any event, our assessment of the defendant's conduct does not rise to the level of a “definite and firm conviction” that such conduct was violative of G.L.c. 93A as a matter of law and that the court's finding of fact was erroneous.
Accordingly, the trial court's judgment for the defendant on the plaintiffs c. 93A claim is affirmed. Report dismissed.

 Although we do not have the benefit of the pleadings in this case, the necessary substantive and procedural issues may be reconstructed from an examination of the report of tire trial judge, and the facts set forth therein, together with the reasonable inferences to be drawn therefrom.

 It should be noted that the judge employed his ownfomiulawith respect to the interest due to the plaintiff as a result of the breach of contract and that the parties have not suggested that said computation was erroneous. It should be further noted that neither party claims to be aggrieved by the court's finding for the plaintiff on the defendant's counterclaim.

 However, it cannot be said that as a general rule a completely different standard of unfairness or deception is employedin a consumer dispute under § 9 of the statute as opposed to a business dispute under § 11. There is no statutory language that makes a distinction between big business and a small, unsophisticated business. V.S.H. Realty, Inc. v. Texaco, Inc., 757 F. 2d 411, 418 (1st Cir. 1985).